**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ARIANNY CELESTE LOPEZ; BROOKE JOHNSON aka BROOKE TAYLOR; TARA LEIGH PATRICK aka CARMEN ELECTRA; JOANNA KRUPA; and LAURIE YOUNG aka LAURIE ROMEO,**<br><br>Plaintiffs,<br><br>v.<br><br>**CONCHETTA, INC. dba CLUB RISQUE PHILADELPHIA and CONNIE INNEZZELLI; TACONY 2008, INC. dba CLUB RISQUE NORTHEAST and RONALD CRUDELE; 3025 N.J.S., INC dba CLUB RISQUE BRISTOL and DANIEL J. DERITIS,**<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 23-5030** |

## MEMORANDUM RE: MOTION TO DISMISS

Baylson, J.                                                                                          May 21, 2024

In this case, several "well-known professional models" have sued three Philadelphia-based adult entertainment clubs and their affiliated entities ("Defendants"), claiming that Defendants misappropriated and intentionally altered images of Plaintiffs to make it appear that Plaintiffs worked at, endorsed, or were otherwise associated with Defendants. Plaintiffs bring suit under the Lanham Act, Pennsylvania law, and several common law causes of action. Presently before this Court is Defendants' motion to dismiss Plaintiffs' claims as time barred or otherwise insufficiently plead. For the reasons explained below, Defendants' motion is **DENIED**.

## I.      FACTUAL BACKGROUND

Defendants operate three adult entertainment clubs in or around the Philadelphia area: Club Risque Philadelphia, Club Risque Northeast, and Club Risque Bristol.  ECF 1 at ¶¶ 19-21. Plaintiffs allege that Defendants improperly published images of Plaintiffs—who claim to be "well-known professional models"—to promote Defendants' clubs.  Id. at ¶ 1.

Specifically, Plaintiffs allege that Defendants used Plaintiffs' images on Defendants' social media pages to make it appear as if Plaintiffs worked at, endorsed, or were otherwise associated with the clubs, in an attempt to attract clientele.  Id. at ¶¶ 54-56.  Plaintiffs further assert that Defendants' improper usage substantially injured Plaintiffs' careers and deprived Plaintiffs of income owed for the commercialization of their images.  Id. at ¶¶ 58-59.

Defendants allegedly published these images between January 2016 and April 2017,[1] although Plaintiffs contend that Defendants continued to "reap[] the benefit of [Defendants'] many illicit publications for long after the initial publication date[s]."  ECF 19 at 8-9.  In relevant part, the Complaint asserts that "discovery will prove that Defendant[s] republicized Plaintiff's image and likeness on various occasions, via different mediums, after the initial date of the posting of their image and likeness and through the filing of this complaint."  ECF 1 at ¶ 94 (emphasis added).

---

[1] The Complaint does not identify those relevant dates.  Instead, following Defendants' Motion for a More Definite Statement, ECF 10, the Parties executed a Stipulation to Withdraw Defendants' Motion, to which Plaintiffs attached copies of social media posts from Facebook accounts allegedly operated by Defendants. ECF 11 at ¶ 3.  Those attachments contained (1) posts with Plaintiffs' images, (2) the dates each image was initially posted, and (3) the names of Plaintiffs' identifiable in each post.  ECF 11-1.  At the motion to dismiss phase, courts may consider "documents that are attached to or submitted with the complaint . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (emphasis added).  As such, this Court will consider this stipulation and relevant attachments in resolving the present motion.

## II.    PROCEDURAL HISTORY

Plaintiffs filed this Complaint on December 19, 2023, bringing the following ten claims:

I.      Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B): False Advertising;
II.     Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A): False Association;
III.    Violation of the Common Law Right of Privacy;
IV.     Violation 42 Pa. Cons. Stat. § 8316, Right of Publicity, Unauthorized Use of Name or Likeness;
V.      Violation of the Common Law Right of Publicity;
VI.     Defamation;
VII.    Negligence and Respondeat Superior;
VIII.   Conversion;
IX.     Unjust Enrichment; and
X.      Quantum Meruit

ECF 1 at 14-26.  On January 30, 2024, Defendants filed a motion for a more definite statement, requesting that Plaintiffs "specify what images were used when and on what social media platform(s) for what Defendants."  ECF 10 at ¶ 4. Shortly thereafter, the Parties stipulated to withdraw that motion, with Plaintiff providing all images of which they were "currently aware." ECF 11 at ¶ 6.

On March 29, 2024, Defendants moved to dismiss Plaintiffs' claims as time barred or otherwise insufficiently pled, with prejudice.  ECF 18.  Plaintiffs responded on April 12, 2024, and Defendants replied on April 19, 2024.  ECF 19-20.

## III.   LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements,"  and thus will not suffice if it is

3

"devoid of further factual enhancement," Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Twombly, 550 U.S. at 555). Accordingly, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of the Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that [she] has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (citing Associated Gen. Contractors of Cal. Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

## IV. PARTY CONTENTIONS

### A. Defendants' Motion

In moving to dismiss Plaintiffs' Complaint, Defendants raise two arguments. First, Defendants assert that each claim is time barred. Specifically, Defendants argue that:

- Plaintiffs' Lanham Act claims (Counts I and II) are barred by a six-year statute of limitations. ECF 18-1 at 7 (citing Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 136 (3d Cir. 2005)).

- Plaintiffs' claims for Right of Privacy (Count III) and Defamation (Count VI) violations are barred by a one-year statute of limitations. Id. at 8 (citing 42 Pa. C.S.A. § 5523(1); Bradford v. Am. Media Operations, Inc., 882 F. Supp. 1508, 1513 (E.D. Pa. 1995)).

- Plaintiffs' claims for a Statutory Right of Publicity (Count IV), Common Law Right of Publicity (Count V), Negligence/Respondeat Superior (Count VII), and Conversion (Count VIII) are barred by a two-year statute of limitations. Id. at 10 (citing Rifai v. CMS Med. Care Corp., 2016 WL 739279, at *2 (E.D. Pa. Feb. 25, 2016); 42 Pa. C.S.A. § 5524; Riverside Mgmt. Grp., LLC v. Finkelman, 2018 WL 6600228, at *4 (Pa. Super. Dec. 17, 2018); Pa. C.S.A. § 5524; Shonberger v. Oswell, 530 A.2d 112, 114 (Pa. Super. 1987)).

- Plaintiffs' claims for Unjust Enrichment (Count IX) and Quantum Meruit (Count X) are barred by a four-year statute of limitations. Id. at 11-12 (citing Nwoga v. Cmty. Council For Mental Health & Retardation, Inc., 2013 WL 705917, at *7 (E.D. Pa. Feb. 27, 2013); Ragnar Benson, Inc. v. Bethel Mart Associates 454 A.2d 599, 603 (Pa. Super. 1982).

Second, Defendants assert that—even if Plaintiffs' claims are not time barred—Plaintiffs have failed to adequately plead each of their ten claims. Id. at 13. While Defendants' arguments

4

vary slightly between each claim, at bottom, Defendants contend that Plaintiffs have not alleged (1) any protectable interest in their images, (2) economic or reputational injury, or (3) a benefit conferred to Defendants as result of Defendants' use of Plaintiffs' images.  Id. at 13-22.

### B.  Plaintiffs' Response

Plaintiffs counter on both fronts, arguing that Defendants (1) misconstrue the relevant statute of limitations for each claim or otherwise ignore viable tolling arguments, and (2) fail to undermine the sufficiency of the allegations in the Complaint.  ECF 19.

### i.   Statute of Limitations

On Plaintiffs' Lanham Act claims, Plaintiffs contend that Defendants ignore clear Third Circuit precedent holding that "[t]he Lanham Act does not contain a statute of limitations.  Rather, analysis regarding delay in bringing such claims is subject to 'principles of equity,'" such as the doctrine of laches.  Id. at 1 (citing to Santana Prod., Inc., 401 F.3d at 136).  Accordingly, Plaintiffs argue that even if Defendants had attempted to raise a laches defense here, the key inquiry is when Plaintiffs "knew or should have known" about Defendants' alleged illicit conduct, Santana, 401 F.3d at 138 n.16; a fact intensive analysis not appropriate for a motion to dismiss, ECF 19 at 5-6.

On Plaintiffs' state law claims, Plaintiffs note that Judge Younge recently rejected nearly identical statute of limitation arguments in Hinton v. Sansom St., Inc., 2021 WL 1313107 (E.D. Pa. Apr. 7, 2021) (Younge, J.).  Id. at 7.  As in Hinton, Plaintiffs contend, their claims are timely under the "discovery rule," which tolls a statute of limitations "until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct."  Id. at 6 (citing Fine v. Checcio, 582 Pa. 253, 268 (2005)).

Likewise, Plaintiffs argue that at least a portion of their claims survive under the "repeated wrongs" doctrine, which recognizes that "when there are continuing or repeated wrongs that are

capable of being terminated, a claim accrues every day the wrong continues or each time it is repeated, the result being that the plaintiff is only barred from recovering those damages that were ascertainable prior to the statutory period preceding the lawsuit." Id. at 8 (citing to Kowalski v. TOA PA V, L.P., 206 A.3d 1148, 1168 (Pa. Super. 2019)).

        ii.    Allegation Sufficiency

Plaintiffs further assert that Defendants' arguments as to the substantive sufficiency of the Complaint are meritless, likening their Lanham Act claims to those in Underwood v. KAB Business Holdings. Id. at 9. There, Judge Wolson granted summary judgment in favor of two professional models on their false association and advertising claims. Underwood v. Kab Bus. Holdings, Inc., No. 5:20-CV-00881-JDW, ECF 41 (March 31, 2021). As in Underwood, Plaintiffs argue, the Complaint here clearly alleges

> Defendants published false and misleading advertisements containing Plaintiffs' trademarks; that Defendants did so to mislead the public concerning Plaintiffs' affiliation with or employment at Club Risque, i.e., concerning the qualities of the Club Risque product; that these advertisements had the capacity to materially deceive consumers and did in fact materially deceive consumers; that the internet advertisements traveled in interstate commerce; and that Plaintiffs were injured as a result thereof.

ECF 19 at 10. On this final injury prong, Plaintiffs note they have further alleged that their careers in the modeling industry "place a high degree of value on their good will and reputation," ECF 1 at ¶ 23, and Defendants' misappropriation of Plaintiffs' images gave "a false impression to the general public that Plaintiffs were strippers." Id. at ¶ 125.

Lastly, Plaintiffs argue these same core allegations support each of their state law claims because, at bottom, "Defendants used each of their images in commercial advertising, without consent, in order to gin up interest in their strip clubs and increase their bottom line." ECF 19 at 12 (citing to ECF 1 at ¶¶ 54,57).

### C. Defendants' Reply

Defendants reply, asserting that while "Plaintiffs argue that the statute of limitations is not a defense to their Lanham Act claims," the Third Circuit has "analyzed statute of limitations defenses in the context of the Lanham Act."  ECF 20 at 1-3 (citing to Beauty Time, Inc. v. UV Skin Sys., 118 F.3d 140, 143 (3d Cir. 1997); Island Insteel Sys. v. Waters, 296 F.3d 200, 208 (3d Cir. 2005); Cannella v. Brennan, 2014 WL 3855331, at *3 (E.D. Pa. Aug. 6, 2014); Med. Prods. Labs., Incv. Premier Dental Prods. Co., 2013 WL 395493, at *6 (E.D. Pa. Feb. 1, 2013); Ritz Hotel, Ltd. v. Shen Mfg., Co., 2009 WL 1119496, at *3 (E.D. Pa. Apr. 27, 2009); Frompovicz v. Niagara Bottling, LLC, 313 F. Supp. 3d 603, 609 (E.D. Pa. 2018)).

Likewise, Defendants contend Plaintiffs' tolling arguments as to the state law claims ignore the "Pennsylvania's Single Publication Act and a 2023 decision from the Third Circuit rejecting [those] argument[s]."  Id. at 2, 5 (citing to Leisten v. CBS Broadcasting Inc., 2023 WL 6890733 (3d Cir. Oct. 19, 2023) (non-precedential); Wolk v. Olson, 730 F. Supp. 2d 376, 377-79 (E.D. Pa. 2010)).

Lastly, Defendants contend—with respect to the substantive adequacy of the pleadings— that Plaintiffs "do not address the case law cited in Defendants' Motion and merely recite their insufficient allegations."  Id. at 2.

### V.    DISCUSSION

### A. Plaintiffs' Claims are Not Time Barred

Because a "defendant's statute of limitations argument presents a threshold issue capable of completely disposing of the complaint," this Court "shall examine it first."  Wallitsch v. Corona Corp., 1988 WL 30037, at *2 (E.D. Pa. Sept. 29, 1988).

iii.   <u>Plaintiffs' Lanham Act Claims are not Barred by the Doctrine of Laches</u>

The Third Circuit's decision in <u>Santana Prod., Inc. v. Bobrick Washroom Equip., Inc.</u> guides this Court's analysis as to the timeliness of Plaintiffs' Lanham Act claims.  401 F.3d 123 (3d Cir. 2005).   As Plaintiffs astutely observe, in <u>Santana</u>, the Third Circuit explained that "[b]ecause the Lanham Act does not specify a statute of limitation, courts must 'adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.'"  <u>Id.</u> at 135 (citations omitted).  Specifically, a court must identify "the most analogous statute of limitation" based on relevant state law.  <u>Id.</u>  And where, as here, a plaintiff asserts false advertising and false association claims under the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A)-(B), the <u>Santana</u> Court concluded that Pennsylvania's Unfair Trade Practices and Consumer Protection Law, "which has a six-year 'catch-all' statute of limitation, [is] the best choice."  <u>Id.</u>

Critically though, the <u>Santana</u> Court clarified that this six-year catch-all serves as "<u>a guideline for determining whether the laches doctrine bars</u> [the plaintiff's] claim," instead of "focusing solely on whether [plaintiff] brought its claims within the applicable statute of limitations period."  <u>Id.</u> (emphasis added); <u>see also</u> <u>Kars 4 Kids Inc. v. Am. Can!</u>, 8 F.4th 209, 221 (3d Cir. 2021) ("The Lanham Act does not contain a statute of limitations and instead subjects all claims to 'the principles of equity,' such as laches"); <u>Belmora LLC v. Bayer Consumer Care AG</u>, 987 F.3d 284, 293 (4th Cir. 2021); <u>Jarrow Formulas, Inc. v. Nutrition Now, Inc.</u>, 304 F.3d 829, 836 (9th Cir. 2002); <u>Conopco, Inc. v. Campbell Soup Co.</u>, 95 F.3d 187, 191 (2d Cir. 1996); <u>Kason Indus., Inc. v. Component Hardware Grp., Inc.</u>, 120 F.3d 1199, 1203 (11th Cir. 1997); <u>Hot Wax, Inc. v. Turtle Wax, Inc.</u>, 191 F.3d 813, 820-21 (7th Cir. 1999).

The distinction is critical for resolving the present motion, as unlike the "bright line" nature of a statute of limitations defense, <u>United States v. Atiyeh</u>, 402 F.3d 354, 367 (3d Cir. 2005), a

laches defense "consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the defendant as a result of the delay." Santana, 401 F.3d at 138.  And as Judge Wolson recently explained, because this "time-bar under the Lanham Act is a laches analysis" that "requires factual development," it is therefore "not ripe for determination on a motion to dismiss." Underwood v. Kab Bus. Holdings, Inc., 2020 WL 9218529, at *1 (E.D. Pa. Nov. 18, 2020) (Wolson, J.).   That is particularly true where, as here, it is not clear from the face of the Complaint when or how Plaintiffs "knew or should have known" about Defendants' alleged improper postings, Santana, 401 F.3d at 138 n.16.

Admittedly, certain courts within this Circuit have not expressly parsed the difference between a laches defense and a statute of limitations defense when analyzing the timeliness of a Lanham Act claim. See, e.g., Cannella, 2014 WL 3855331, at *3; Med. Prods. Labs., Inc., 2013 WL 395493, at *5-6; Ritz Hotel, Ltd., 2009 WL 1119496, at *3; Frompovicz, 313 F. Supp. 3d at 609.  Nonetheless, these mentions "in passing" cannot overcome the binding and unequivocal holdings of Santana and Kars 4 Kids Inc.  See Jarrow Formulas, 304 F.3d at 836.  Indeed, such persuasive authority is not even wholly inconsistent with Santana, given that the six-year state law limitation ultimately informs the laches analysis by establishing a presumption.  Kars 4 Kids Inc., 8 F.4th at 220-21.  Thus, these cases do nothing to alter this Court's conclusion that "the statute of limitations [cannot] bar Counts I and II." Underwood, 2020 WL 9218529, at *1.

      iv.    The "Discovery Rule" Plausibly Tolled the Statute of Limitations for Plaintiffs' Remaining State Law Claims

By contrast, Plaintiffs' eight remaining state law claims are clearly subject to statutes of limitation, ranging from one to four years. Underwood, 2020 WL 9218529, at *1, Nwoga, 2013 WL 705917, at *7; Ragnar Benson, Inc., 454 A.2d at 603.  Further, Plaintiffs do not dispute that all known examples of Defendants' alleged improper use of Plaintiffs' images occurred in 2016

and 2017, well before the earliest applicable deadline.  <u>See</u> ECF 1 (filing Complaint on December 19, 2023); ECF 11.

Instead, Plaintiffs argue that the "discovery rule"—which tolls a statute of limitations "until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct," <u>Fine</u>, 582 Pa. at 268—protects each of their state law claims.  ECF 19 at 6.  To bolster that contention, Plaintiffs note that "[t]he [Third Circuit] Rule requires it be clear, from the face of the Complaint, that the claim is barred by the statute of limitations," <u>Martin v. Ford Motor Co.</u>, 765 F.Supp.2d 673, 686 (E.D. Pa. 2011), and thus direct this Court to <u>Hinton</u>, where—on very similar facts—Judge Younge denied a motion to dismiss "because the face of the [Complaint did] not clearly identify when the Plaintiffs discovered or should have discovered the publication of their image on the Defendants' Internet social media network."  2021 WL 1313107, at *4; <u>see also</u> <u>id.</u> at *3 (citing <u>Schmidt v. Skolas</u>, 770 F.3d 241, 251 (3d Cir. 2014) ("[W]hile a court may entertain a motion to dismiss on statute of limitations grounds, it may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.")).

Defendants counter with the Third Circuit's recent non-precedential decision in <u>Leisten v. CBS Broad. Inc.</u>, 2023 WL 6890733 (3d Cir. Oct. 19, 2023).  In <u>Leisten</u>, plaintiff brought a defamation suit against defendant-broadcasting company based on an online news report that mistakenly named the plaintiff as a murder suspect.  <u>Id.</u> at *1.  As relevant here, the Court rejected the plaintiff's request to "toll the statute of limitations based on the discovery rule," explaining that although "Pennsylvania courts have not yet addressed whether the discovery rule applies to publicly available online material," existing Pennsylvania precedent on "the discovery rule would

suggest it does not." Id. at *4 n.2.  As the Third Circuit saw it, "[t]he Pennsylvania Supreme Court instructed that the discovery rule applies only to cases where the injury is hard to discern," which meant that the *"discovery rule [did] not apply to mass media publications like the one at issue"* in Leisten.  Id. (citing to Shively v. Bozanich, 80 P.3d 676, 688-89 (Cal. 2003) (collecting cases that reject the application of the discovery rule to statements made in books, magazines, and newspapers because they are "readily discoverable").

For two reasons, however, Leisten does not control this case.  First, Defendants' social media posts are dissimilar from the types "mass media publications"—such a news reports, books and magazines—that courts typically consider "readily discoverable."  Cf id.  True, courts within Pennsylvania have generally concluded that a defendant's posting of "publicly accessible material on the Internet" amounts to a publication that triggers the statute of limitation for defamation and similar claims.  See, e.g., In re Philadelphia Newspapers, LLC, 690 F.3d 161, 175 (3d Cir. 2012), as corrected (Oct. 25, 2012).  But those holdings largely addressed the applicability of "single publication rule," id., rather than the discovery rule, rendering them inapposite on the question of whether a particular social media post was readily discoverable.

Second, the images at issue here either (1) do not include Plaintiffs' names, or (2) seemingly list false names next to Plaintiffs' images.  See generally, ECF 11-1.  Those potentially misleading or deceptive practices—unlike the misnomer in Leisten—create a plausible inference that Defendants actively attempted to conceal the true identity of the persons in Defendants' posts. Cf Barrett v. Catacombs Press, 64 F.Supp.2d 440, 446 (E.D.Pa.1999) ("[T]he discovery rule should not be applied where ... a defendant's alleged defamation was not done in a manner meant to conceal the subject matter of the defamation.").

11

Thus, this case is also distinguishable from cases like <u>Wolk v. Olson</u>, where Judge McLaughlin reasoned that "defamatory statement[s] disseminated through a mass medium, like a website, and received by tens of thousands of readers" are not "hard to discern" injuries. 730 F. Supp. 2d 376, 378 (E.D. Pa. 2010). Unlike <u>Wolk</u>, where defendant expressly linked plaintiff to a readily available online publication, Defendants here allegedly purposefully disconnected Plaintiffs' identity from Plaintiffs' image so as to secretly use Plaintiffs' images for Defendants' own illicit gains.  <u>See</u> <u>id.</u> at 378 n.2 (concluding that "plaintiff alleged no facts that would demonstrate that the <u>defendant actively or passively misled the plaintiff or hid from him the existence</u>" of the defamatory content) (emphasis added); <u>Am. Bd. of Internal Med. v. Rushford</u>, 841 F. App'x 440, 443 (3d Cir. 2020) (non-precedential) ("using a pseudonym and an email address that conceals one's identity are surely suggestive of intent to mislead").[2]

The plausibility of such a scheme precludes this Court from dismissing this case on timeliness grounds, at least for the purposes of a motion to dismiss.[3]

### B. Plaintiffs' Claims are Plausible

As for the substantive sufficiency of Plaintiffs' allegations, a review of the Complaint makes clear Plaintiffs have plausibly pled each of their ten claims.  Thus, the Court briefly reviews

---

[2] Likewise, the Court notes that Defendants' attempts to distinguish <u>Hinton</u> are unavailing. Specifically, Defendants contend that <u>Hinton</u> is inapplicable because "Judge Younge also noted that there was an issue as to the applicability of a previously filed complaint that 'complicated' the statute of limitations issue." ECF 20 at 4.  While this original complaint may have been an additive fact for Judge Younge, nothing about the <u>Hinton</u> decision indicates this earlier complaint was dispositive or somehow a prerequisite to Judge Younge's application of the discovery rule. Otherwise stated, whether a plaintiff has filed an earlier complaint simply has no bearing on whether and when a plaintiff reasonably should or could have discovered a cause of action.  The latter question controls the "discovery rule" analysis.

[3] Lastly, because the discovery rule plausibly applies here, the Court need not address Defendants' arguments regarding the Uniform Single Publication Act, the "Single Publication" rule, or the "repeated wrongs" doctrine.  ECF 18 at 5.  The Parties are, of course, free to revisit these issues at summary judgment.

the allegations underlying Plaintiffs' Lanham Act claims, which are equally adequate to support Plaintiffs' related but distinct state law claims.

i.      Plaintiffs Have Plausibly Pled Lanham Act Violations

To state a claim for false advertising under 15 U.S.C. § 1125(a)(1)(B), a plaintiff must show that "(1) [the] defendant has made false or misleading statements about their own product [or another's]; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff[s] in terms of declining sales, loss of good will, etc." Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc., 653 F.3d 241, 248 (3d Cir. 2011) (citations omitted).

To state a claim for false association under 15 U.S.C. § 1125(a)(1)(A)—sometimes alternatively referred to as a "false designation of origin" claim—a plaintiff must allege that a defendant "(1) uses a designation, (2) in interstate commerce, (3) in connection with goods, (4) which designation is likely to cause confusion, mistake, or deception as to (5) the origin, sponsorship, or approval of [defendant's] goods, and (6) [plaintiff] has been or is likely to be damaged by these acts." First Keystone Fed. Sav. Bank v. First Keystone Mortg., Inc., 923 F. Supp. 693, 707 (E. D. Pa. 1996).  Additionally, (1) the mark at issue must be legally protectable, (2) the plaintiff must own the mark, and (3) the defendant's use of the mark to identify its goods or services must be likely to create confusion concerning the plaintiff's sponsorship or approval of the goods or services.  Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1014 (3d Cir. 2008).

Here, the Complaint plainly establishes Plaintiffs' claims for both false advertising and false association.  First and foremost, the Complaint alleges that Defendants—without Plaintiffs

knowledge or consent—misappropriated and intentionally altered Plaintiffs images to make it appear that Plaintiffs either worked at, endorsed or were otherwise associated or affiliated with Defendant. ECF 1 at ¶¶ 24-27. Plaintiffs' subsequent provision of those images and social media posts, of course, further bolsters the plausibility of that allegation. See generally, ECF 11-1.

Second, the Complaint alleges that "[e]ach Plaintiff is, and at all relevant times were, the exclusive owners of all right, title and interest in their Images," "have property interests thereon," and that "Defendants converted Plaintiffs' property rights in their Images for their own use and financial gain Images for its own use and financial gain." Id. at ¶¶ 144-45.[4]

Third, Plaintiffs allege that Defendants were aware they were making a false impression or representation to potential clients and customers, and thus intentionally causing confusion. Id. at ¶¶ 49, 64, 152. In relevant part, the Complaint alleges that "Defendants showcased Plaintiffs' Images on Club Risqué's social media pages to create the false impression that Plaintiffs worked at Club Risqué endorsed, promoted or sponsored same, or were otherwise associated or affiliated with same." Id. at ¶ 55. Similarly, Plaintiffs allege that "[d]espite Defendants' knowledge and awareness of these facts, they nevertheless made the decision to publish Plaintiffs' Images to attract clientele and generate revenue for themselves," id. at ¶¶ 55-60,[5] and that such "improper or unauthorized use of their Images substantially injure[d] their careers," id.

---

[4] At least for the purposes of a motion to dismiss, significant precedent indicates this is sufficient to allege a protectable interest required for a false association claim. See, e.g., Underwood v. Kab Bus. Holdings, Inc., No. 5:20-CV-00881-JDW, ECF 41, at 5 (March 31, 2021) ("As to the first two factors, [model plaintiffs] have a legally protectible interest in their images, and they own their own images"); Jackson v. Odenat, 9 F.Supp.3d 342, 355 (S.D.N.Y. 2014); Bondar v. LASplash Cosms., 2012 WL 6150859, at *5, 7 (S.D.N.Y. Dec. 11, 2012); Lundberg v. One Three Five, Inc., 2022 WL 2669136, at *6 (W.D. Pa. Jan. 14, 2022), report and recommendation adopted, 2022 WL 2668557 (W.D. Pa. Mar. 15, 2022).

[5] Defendants tangentially argue that Plaintiffs' Lanham Act claims should be dismissed because the alleged violations do not implicate interstate commerce. ECF 18-1 at 15. But the Complaint makes clear that Defendants disseminated Plaintiffs' images over social media. ECF 1 at ¶ 73.

Thirdly and relatedly, Plaintiffs assert that "each Plaintiff is a well-known professional model who earns her livelihood modeling and licensing her Images to companies, magazines, and individuals for the purpose of advertising products and services," and that "Plaintiffs' careers in the modeling industry place a high degree of value on their good will and reputation, which is critical in order to maximize their earning potential, book modeling contracts, and establish each of their individual brands," Id. at ¶¶ 22-23.  Accordingly, Plaintiffs allege that "insofar as each Plaintiffs' Images have been associated with a strip club, and the implication of Defendants' use of Plaintiffs' Images is that they are strippers, endorse a strip club, or are otherwise associated or affiliated with a strip club," they have been substantially injured.  Id. at ¶ 60.

These allegations—in combination—plausibly establish both intentional deception and tangible harm to Plaintiffs.  Thus, as Judge Younge concluded on nearly identical facts, such allegations "adequately set[] forth the factual basis for false advertising and false designation or endorsement claims under the Lanham Act."  Hinton, 2021 WL 1313107, at *4.

ii.    Plaintiffs Have Plausibly Pled their Remaining State Law Violations

The Court further agrees with Judge Younge's conclusions regarding Plaintiffs' state law claims, which are essentially identical to those in Hinton.  Here, like in Hinton, "[a] review of the Complaint establishes that causes-of-action pled under state law are factually sufficient to survive the Defendants' motion to dismiss," leading this Court to conclude that the claims should "not be dismissed as duplicative of other causes-of-action pled in the Complaint at this juncture in the litigation."  Id. at *5.

---

And claims arising out of internet advertising implicate interstate commerce.  United States v. MacEwan, 445 F.3d 237, 244-45 (3d Cir. 2006).

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**.  An appropriate order follows.


O:\CIVIL 23\23-5030 Lopez v Conchetta\23cv5030 - Memo re MtD.docx